**Lloyd EDWARDS, as Executor of the Will of Seren P. Hansen, Deceased, Appellant,**

v.

**V. Lee PHILLIPS, Appellee.**

**No. 9041.**

United States Court of Appeals
Tenth Circuit.

Feb. 27, 1967.

Thomas Eugene Foster, Chicago, Ill. (H. G. McCarty, Flanders, McCarty & Wood, Longmont, Colo., Thomas J. Boodell, William J. Kilbridge, and Boodell, Sears, Foster, Sugrue & Crowley, Chicago, Ill., with him on the brief), for appellant.

Edward L. Rogers, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, and Jeanine Jacobs, Attys., Dept. of Justice, Washington, D. C., Lawrence M. Henry, U. S. Atty., and David Shedroff, Asst. U. S. Atty., of counsel, with him on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The plaintiff-appellant is the executor of the estate of Seren P. Hansen, and the defendant-appellee is the District Director of Internal Revenue for Colorado. The suit is for a refund of estate taxes, and the issue relates to allowable deductions under Section 2055(a) of the 1954 Internal Revenue Code. The United States District Court denied relief to the taxpayer and this appeal was taken.

The decedent died testate, bequeathing his entire estate to the Hammer School District of Vrads Parish in Denmark: "To be used by said school district in any manner it may wish for the betterment of the schools or aid to the students of said district." His net taxable estate was approximately $105,000, and the executor paid about $22,000 in estate taxes with the return, and later filed a claim for a refund on the ground that the bequest to the Danish school district was deductible under § 2055(a) of the 1954 Internal Revenue Code, 26 U.S.C.A. § 2205(a).

The trial court construed the statute and concluded that the bequest did not come within the language of any of the subsections of § 2055(a). The matter was presented on stipulated facts.

A collateral issue is whether the income of the estate was fully deductible under § 642(a) of the 1954 Code, which allows a deduction for so much of the estate's income used for educational purposes. The claim for refund of the estate's income taxes involves several hundred dollars. The District Court stated in its memorandum and order however that "resolution of the estate tax question will by stipulation determine the income tax issue." In accordance with the understanding of the District Court and the parties during trial, we likewise consider the only question on appeal is whether the estate was entitled to a deduction under § 2055(a) for purposes of determining the estate tax.

In the consideration of an issue of this nature, we must start with a general doctrine for construction of provisions in the Revenue Code relating

to deductions. It is well established that to be allowable there must be a definite statutory provision describing them. As the Supreme Court said in New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348: "Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed."

The provisions of the act with which we are here concerned allow an estate to deduct the amount of a bequest:

"(1) to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

"(2) to or for the use of any corporation organized and operated exclusively for * * * educational purposes * * *;

"(3) to a trustee or trustees, * * * to be used * * * exclusively for * * * educational purposes, * *;".
§ 2055(a), Internal Revenue Code of 1954; 26 U.S.C.A. § 2055(a).

The parties agree that the Danish school district in question is publicly governed and financed, and that it is a political subdivision of Denmark. The record discloses that the Danish school district is similar to a typical American school district.

Although the district is a political subdivision of Denmark, the appellant argues, by reference to a number of cases decided by state courts, that the school district is also a corporation operated exclusively for educational purposes under subpart (2) of § 2055(a), supra. Also in the alternative, the appellant argues that the officials of the school district are trustees whose trust is the use of the bequest for educational purposes under subpart (3) of § 2055(a), supra.

The appellee relies primarily on the doctrine *inclusio unius est exclusio alterius,* pointing out that subpart (1) of § 2055(a) limits deductible bequests to American political subdivisions; there-fore under this doctrine bequests to political subdivisions of foreign countries are not deductible. The appellee argues also that the Danish school district's status as a political subdivision of a foreign country is the crucial factor in determining if the bequest is deductible, not whether the Danish school district may be a "corporation" operated for educational purposes or whether the district's officials may be considered to be "trustees" within the language of the bequest, and we agree.

The regulations promulgated under §: 2055(a) do not resolve the question, for they provide only that: "The deduction [allowed by § 2055(a)] is not limited * * * to transfers to domestic corporations or associations, or to trustees for use within the United States." Treas. Reg. § 20.2055–1(a) (4).

■ Bequests to foreign corporations, associations, and trustees are eligible for the deduction; however, the school district in question is fundamentally and primarily a political subdivision of Denmark. The District Court held that Congress did not intend to allow a deduction from estate taxes for a bequest to the school district, and that the district was not an American political subdivision as required in subpart (1), was not a corporation like that designated in subpart (2), and the district's elected or appointed officials were not trustees under subpart (3).

The parties have not cited any authority and we find none from which we might ascertain the intent and purpose of Congress in adopting the language of § 2055(a) and the Treasury Regulations promulgated thereunder as applied to the facts before us. The language of the statute and the regulations seems somewhat inconsistent when viewed against the arguments of the parties. The appellee argues that bequests to foreign governmental entities are not favored because the American people derive no benefit therefrom. We think this argument is answered by the regulation promulgated under § 2055(a), quoted supra, which allows the deduction for

foreign corporations, associations, and trusts, from which American citizens may derive no direct benefits. The appellee also suggests that bequests to foreign governmental bodies are not favored because there is no guarantee that such bequests will not be used for purposes adverse to the interests of the United States, but the appellee refers us to no authority announcing this policy.

The appellant's argument that the Danish school district qualifies as a corporation under subpart (2) of § 2055 (a) and is thus entitled to a deduction, regardless of the fact that the district is also a political subdivision of a foreign country, is contrary to the specific language of subpart (1) limiting deductions to American political subdivisions as above mentioned.

Had Congress wished to encourage bequests to any governmental entity for public purposes, it would have specifically so provided. The appellant has cited cases in which state courts have exempted from inheritance taxes bequests to municipal corporations that may also be characterized as political subdivisions. The statutes construed in these state cases are different than the federal statute here; moreover, it does not appear that any of the state cases concerned bequests to a foreign governmental entity. Appellant's comparison of the language used in § 2055 of the 1954 Code with that in § 642 does not provide a sound basis for deciding the application of § 2055 to the facts before us. The sections are unrelated and the provisions of one or even the policy expressed in one cannot be carried over to the other.

We find nothing outside the language of the statute that leads to resolution of the question. Thus we are left with the venerable doctrine *inclusio unius est exclusio alterius,* and we conclude that the language of subpart (1) of § 2055(a) does not allow a deduction from the gross estate for bequests to foreign governments or political subdivisions thereof. The fact that the Danish school district is a political subdi-

vision of a foreign country is conclusive on the question, and we need not decide whether the district is also a corporation like that designated in subpart (2), or whether the district's officials might be regarded as trustees. The judgment is affirmed.