**Else KAPLUN, as Executrix of the Estate of Agnes S. Kaplun, Deceased,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 68 Civil 2180.**

United States District Court
S. D. New York.

Aug. 26, 1969.

---

Levey, Myers, Katz & Goodman, New York City, for plaintiff, Novack & Richter, Martin Novack, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for defendant, Richard M. Hall, Asst. U. S. Atty., of counsel.

### OPINION

TENNEY, District Judge.

This is an action commenced by plaintiff on May 28, 1968, for the refund of Federal estate taxes in the amount of $22,337.89, plus interest as provided by law. This court has jurisdiction of this action under 28 U.S.C. § 1346.

Both sides have moved herein for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Briefly, the facts are not disputed and are as follows:

Agnes S. Kaplun died testate on September 1, 1962. Her last will and testa-

ment was admitted to probate by the Surrogate's Court for New York County, State of New York, and letters testamentary were issued to Else Kaplun, as Executrix (the plaintiff herein) on December 13, 1962.

Paragraph "SECOND" of decedent's will provided as follows:

"SECOND: I hereby give, devise and bequeath the entire collection of gold and platinum coins left me by my late beloved husband, to the State of Israel, *upon condition that the same be kept and exhibited in the State of Israel, in an appropriate museum*, that the same be marked and identified to the viewing public as 'The Collection of Dr. Aron A. Kaplun' and that the State of Israel will undertake to keep the said collection *in perpetuity, never to be sold or otherwise disposed of*. In the event it is found necessary, I hereby direct my executrix, hereinafter named, to appropriate whatever funds may be necessary from this estate for the purpose of effecting this bequest, having specifically in mind possible transportation and insurance charges for shipping to Israel." (Emphasis added.)

On November 27, 1964, the estate filed its Federal estate tax return showing a taxable estate of $196,685.50 and a tax due of $33,706.04, which was paid in full. In the estate tax return the estate took a deduction of $67,954.00 for a bequest to the State of Israel pursuant to paragraph "Second" of decedent's will. This deduction was taken pursuant to Section 2055 of the Internal Revenue Code of 1954, 26 U.S.C. § 2055, which provides for deductions for certain charitable bequests.

After an audit, the Internal Revenue Service disallowed this deduction, increased the value of the coin collection, and made the resulting estate tax deficiency assessment on November 27, 1964, in the amount of $14,607.66 plus interest of $866.45, for a total of $15,484.11. That amount was paid by the estate, which now sues for its refund.

It should be further noted that the Surrogate of New York County has held in a construction proceeding that the bequest in question constitutes a charitable trust (Estate of Agnes S. Kaplun, N.Y. L.J. 16 (April 6, 1965)), and that it accordingly qualifies as an allowable deduction in computing the New York State taxes under Sec. 249–s of the Tax Law of the State of New York, McKinney's Consol. Laws, c. 60.

Defendant no longer argues that the provisions of decedent's will referred to do not create a trust, nor is any claim made that the State of Israel, as a sovereign nation, could not qualify as a trustee.[1] Indeed, it appears that the coin collection was delivered to the State of Israel in December 1963, that the Minister of Education of the State of Israel has selected and designated the Kadman Numismatics Museum of the Museum Haaretz, Tel Aviv, Israel, as the repository where this collection is to be displayed, and that the above-named Museum is a public corporation organized under the laws of the State of Israel for educational and cultural purposes only.[2]

Defendant does contend that, regardless of whether decedent created a trust for charitable purposes, Section 2055 of

[1]. In its opinion letter of March 25, 1964, which established the basis for denial by the Internal Revenue Service of the charitable deduction claimed by plaintiff, the Service rejected the proposition that the gift of the coin collection constituted a charitable trust and, moreover, asserted that the State of Israel, as a sovereign nation, could not qualify as a trustee.

[2]. Section 2 of the "Charitable Trust Ordinance" of the State of Israel, Chapter XIV, containing Ordinance 26 of 1924, Ordinance 24 of 1925 and Ordinance 30 of 1934, provides that gifts made for the advancement of education or knowledge are for "charitable purposes". Under Section 33 of the Ordinance, the receipt of the coins by the Minister of Education and their transfer to the Museum Haaretz would appear to be proper under the laws of the State of Israel and in accordance with the trust conditions.

the Internal Revenue Code of 1954 does not provide for a charitable deduction for the decedent's bequest to the State of Israel.

Section 2055(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 2055(a)) provides as follows:

§ 2055. (a) *In general*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests * * *

(1) to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

(3) to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, and no substantial part of the activities of such trustee or trustees, or of such fraternal society, order, or association, is carrying on propaganda, or otherwise attempting, to influence legislation; or

(4) to or for the use of any veterans' organization incorporated by Act of Congress, or of its departments or local chapters or posts, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

It seems clear that the State of Israel does not fall within the category of donee specified by Sections 2055(a) (1), (2) and (4). Defendant argues that, since the State of Israel is excluded under Section 2055(a) (1), it is likewise excluded under Sections 2055(a) (2) and (3) under the doctrine of *inclusio unius est exclusio alterius,* citing as authority Edwards v. Phillips, 373 F.2d 616 (10th Cir.), cert. denied, 389 U.S. 834, 88 S.Ct. 38, 19 L.Ed.2d 94 (1967). However, I find the reasoning in the later case of Continental Ill. Nat'l Bank & Trust Co. of Chicago v. United States, 403 F.2d 721, 185 Ct.Cl. 642 (1968), cert. denied, 394 U.S. 973, 89 S.Ct. 1456, 22 L.Ed.2d 752 (1969), more persuasive and in accord with relevant authority. While recognizing that bequests to foreign corporations, associations, and trustees are eligible for the deduction,[3] the Court in *Edwards* held that a bequest to a Danish School District: "To be used by said school district in any manner it may wish for the betterment of the schools or aid to the students of said district" being fundamentally and primarily a bequest to a political subdivision of Denmark rather than as an American political subdivision as required under Section 2055(a) (1), could not qualify under subparts (2) or (3) absent a showing of Congressional intent to permit bequests to foreign governmental entities for public purposes.

The opinions in *Continental,* however, even though the majority held by four-to-three that the charitable deduction could not be allowed, clearly held that "contributions and gifts to foreign cities for exclusively charitable purposes are deductible" under Section 2055(a)

3. The regulations promulgated under Section 2055(a) provide that: "The deduction [allowed by Section 2055(a)] is not limited * * * to transfers to domestic corporations or associations, or to trustees for use within the United States." Treas.Reg. § 20.2055–1(a)(4).

(3).[4] In *Continental,* the bequest was to "the Mayor & Magistratsraete of Fuerth, Bayern, Germany 13a, to be used and expended for the benefit of said city of Fuerth." The Magistratsraete (City Council) used the bequest for the construction, operation and maintenance of an old peoples' home for the city's inhabitants. The majority of the Court held, however, that: (a) the restriction imposed, *i. e.,* that the bequest be used "for the benefit of said city of Fuerth" did not establish that the testator intended that the contribution be used solely for charitable purposes;[5] (b) a bequest "for the benefit" of a foreign municipality cannot necessarily be equated with a "charitable" bequest;[6] and (c) that any "decisions concerning the advisability of encouraging, by favorable tax treatment, *unrestricted* gifts to other than domestic political units should be left to Congress and the Executive Department * * *." (Emphasis added.[7]) The significance of *Continental,* however, is that the Court was unanimous in its holding that a gift in trust to a foreign political unit, *clearly restricted to a charitable purpose,* qualified for a deduction under Section 2055(a) (3). Furthermore, the abundant authorities cited by the dissenting opinions establish to this Court's satisfaction: (a) that there need not be "either an express designation of a trustee or the explicit creation of a trust";[8] (b) that "[n]othing in the legislative history or background suggests that under 2055(a) (3) bequests involving foreign public bodies are to be dealt with any differently than gifts involving American governmental entities or private trustees, individuals, or groups (foreign or domestic)";[9] and (c) that *Edwards,* particularly in the light of Schoellkopf v. United States, 124 F.2d 982 (2d Cir. 1942) "gave Section 2055 (a) an unnecessarily restrictive reading".[10] It seems too clear to warrant extended discussion that the bequest under consideration is clearly restricted to a charitable purpose. It has been so construed by the New York court—it has been so treated by the State of Israel. Absent a clear declaration of Congressional intent to discriminate against charitable bequests for the benefit of foreign recipients, Section 2055(a) (3) should not be so construed.

■ Finally, defendant argues that even if the trust created by decedent's will otherwise qualifies under subpart (3), the last proviso creates an insurmountable hurdle, since that proviso is designed to disallow a charitable deduction for bequests to trustees, a substantial part of whose activities is carrying on propaganda, or otherwise attempting to influence legislation. While no authority has been found applying this proviso to a bequest to a sovereign state, it seems quite clear that the proviso was never intended to determine the validity or charitable characteristics of a *trust* for purposes of tax deduction because of the general role played by a *trustee* quite independent of the latter's responsibilities as a fiduciary. The fact that the trustee may have been organized in part to carry out the activities prohibited under the proviso is not the crucial question in the case of a trust, for "where a trust is involved the 'organization' thereof is not an important criterion. Rather the requirement is that the contributions are to be used for literary or educational purposes." Dulles v. Johnson, 155 F.Supp. 275, 281 (S.D.N.Y.1957), remanded on other grounds, 273 F.2d 362 (2d Cir. 1959), cert. denied, 364 U.S. 834, 81 S.Ct. 54, 5 L.Ed.2d 60 (1960). Indeed, in nei-

---

4. Continental Ill. Nat'l Bank & Trust Co. of Chicago v. United States, 403 F.2d 721, 727, 185 Ct.Cl. 642 (1968), cert. denied, 394 U.S. 973, 89 S.Ct. 1456, 22 L. Ed.2d 752 (1969).

5. *Id.* at 726.

6. *Id.* at 729–730.

7. *Id.* at 731.

8. *Id.* at 732.

9. *Id.* at 735.

10. *Id.* at 739.

ther *Edwards* nor *Continental* did the Courts make any reference to the last proviso of subpart (3) in reaching their conclusions. The reason is obvious. That proviso relates to the duties imposed upon the trustee by the provisions of the trust and bears no relationship to the character of the trustee in its non-trustee role.

Accordingly, for the reasons hereinbefore set forth, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied, there being no genuine issue as to any material fact and plaintiff being entitled to judgment as a matter of law.

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

Enter judgment accordingly.