**NATIONAL SAVINGS AND TRUST COMPANY, Executor of the Estate of John Weberpals, Plaintiff**

v.

**The UNITED STATES.**

No. 282–69.

United States Court of Claims.
Jan. 22, 1971.

Benjamin W. Dulany, Washington, D. C., attorney of record, for plaintiff. Ronald E. Madsen and Douglas, Obear & Campbell, Washington, D. C., of counsel.

Seth Stopek, Washington, D. C., with whom was Asst. Atty. Gen., Johnnie M. Walters, for defendant. Philip R. Miller and Joseph Kovner, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

· OPINION

COWEN, Chief Judge.

John Weberpals, an alien resident of the United States, died testate on March 1, 1967. Article Four of his will, which was admitted to probate, bequeathed the residue (the bulk) of his estate to the Town of Redwitz Ad Rodach, Bavaria, Germany, for the express purpose of building a home for the aged, or if such a home existed, for the purpose of improving and extending the existing facilities.

Plaintiff, executor, filed a Federal estate tax return on May 31, 1968, on which no charitable deduction was taken for the bequest to Redwitz Ad Rodach. A tax liability of $131,388.63 was shown and duly paid at that time.

The executor has made two advance distributions of the residuary bequest totaling $275,000, which are deposited in two German banks. The use of the funds in the accounts is limited to building a home for the aged. No funds will be expended for construction until there is a final decision in this case.

On December 2, 1968, a timely claim for refund was made on the grounds that Section 2055(a) (3) of the Internal Revenue Code of 1954 [1] permitted the es-

---

1. The relevant part of section 2055(a) provides:

"SEC. 2055. Transfers for public, charitable, and religious uses.

"(a) *In general.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made before the date prescribed for the filing of the estate tax return)—

"(1) to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

"(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the en-

couragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

"(3) to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, and no substantial part of the activities of such trustee or trustees, or of such fraternal society, order, or association, is carrying on propaganda, or otherwise attempting, to influence legislation;"

\* \* \* \* \*

tate to take the residuary bequest as a charitable deduction. The claim was rejected on June 3, 1969, and suit was then filed in this court. If plaintiff's contentions are correct, no estate tax was due.

All the material facts are stipulated and, on the basis thereof, we hold that the bequest is deductible under section 2055(a) (3), and, hence, that plaintiff is entitled to a refund of $131,388.63, plus statutory interest.

In Continental Illinois Nat'l Bank and Trust Company of Chicago v. United States, 403 F.2d 721, 185 Ct.Cl. 642, (1968), cert. denied, 394 U.S. 973, 89 S. Ct. 1456, 22 L.Ed.2d 752 (1969), we anticipated our decision here. The facts in that case are almost identical to the ones before us except for one important difference that clearly entitles plaintiff to recover.

In *Continental Illinois,* the majority of the court, in a four-three decision, denied a refund to the estate of the decedent, Wasserman. The bequest to "the Mayor & Magistratsraete of Fuerth, Bayern, Germany 13a, to be used and expended for the benefit of said city of Fuerth" was not, the majority felt, deductible under section 2055 as a charitable bequest. In the opinion of the majority, the bequest was, for all practical purposes, unrestricted and could have been used for such non-charitable and proprietary purposes as the payment of salaries to policemen or the construction of a new sewer.

Both the majority and dissenters were in agreement that section 2055(a) (1) could not be relied upon by the taxpayer, because deductibility there is limited to a bequest (if it is for a public purpose) to a political subdivision of the United States. Subsection (a) (2) did not apply because the beneficiary town was not a corporation organized and operated "exclusively for religious, charitable, scientific, literary, or educational purposes, * * *."

However, the court was unanimous in holding that a gift in trust to a foreign political unit qualifies for a deduction under section 2055(a) (3) when the gift is clearly restricted to charitable purposes.

Herein lies the controlling distinction between the two cases. In this case, the testator clearly ordered that the residue of his estate be used exclusively for a charitable purpose—building a home for the aged. The Government here concedes that this legacy was given in trust and, as we pointed out in *Continental Illinois,* the mayor and other officials may serve as trustees. Thus, the bequest meets all the requirements of section 2055(a) (3).

Making the same basic argument as it advanced in *Continental Illinois* and relying upon the rationale of Edwards v. Phillips, 373 F.2d 616 (10th Cir. 1967), cert. denied, 389 U.S. 834, 88 S.Ct. 38, 19 L.Ed.2d 94 (1967), the Government asks us to overrule our unanimous holding in *Continental Illinois.* The *Edwards* rationale and the Government's position are based upon the application of the canon of construction, *expressio unius est exclusio alterius,* to section 2055. It is argued that, since section 2055(a) (1) deals specifically with political subdivisions, a bequest to a foreign city is not deductible unless it meets the criteria of subsection (a) (1), even though it is undisputed that the will of the testator requires the bequest to be used exclusively for charitable purposes. This argument is made despite defendant's admission that Article Four of the will now before us "appears to fit within the literal meaning of section 2055(a) (3)."

In *Continental Illinois,* the majority specifically refused to rely on the *Edwards* case, while the dissenters rejected it as wrongly decided. Today the court as a whole rejects the *Edwards* rationale. As Judge Davis said of the doctrine and its application to section 2055:

\* \* \* \* \* \*

Looking to the terms, purpose, and history of this charitable deduction, I do not find it natural to infer that Congress intended to cut off all be-

quests to foreign governmental bodies simply because it dealt specifically with the domestic variety. Aside from the disputed inference to be drawn from 2055(a) (1), there is not the slightest indication, so far as I know, that Congress wanted to exclude legacies to foreign governments from the coverage of 2055(a) (3) if the bequest satisfied the requirements of that paragraph. [Continental Illinois v. United States, *supra,* 403 F.2d at 736, 185 Ct.Cl. at 666–667]. [Footnote omitted.]

\* · \* \* \* \* \*

Without reliable support for the application of *expressio unius* in the history or ordering of the statute, I am very reluctant to give Section 2055(a) a construction that seems so at odds with its undisputed purpose of encouraging charitable bequests. \* \* \* Wholesale exclusion from Section 2055(a) of bequests to foreign governments is not a "natural association of ideas" \* \* \* in a statute that, through the use of broad and overlapping phraseology, is clearly designed to authorize the deduction of a very wide range of bequests for humanitarian purposes. I think, rather, that, if the attention of Congress had been focused on the problem, it would not have indicated that gifts such as this were non-deductible. *Id.,* 403 F.2d at 738, 185 Ct.Cl. at 669–670. [Footnote omitted.]

At best, the Government's argument is a highly technical contention. Admittedly, there is no legislative history to support it, and we think it ignores both the title of section 2055 and the clear language separately set forth in each of the subsections. Moreover, the argument loses much of its force in view of the flush language of Treas.Reg. 20.-2055–1(a) that "The deduction is not limited, in the case of estates of citizens or residents of the United States, to transfers to domestic corporations or associations, *or to trustees for use within the United States."* [Emphasis supplied.]

Finally, a review of the cases decided since our initial decision on this question shows that the two courts that have considered our holding are in agreement with us. See Kaplun v. United States, 303 F.Supp. 733 (S.D.N.Y.1969) and Old Colony Trust Co. v. United States, 313 F.Supp. 980 (D.Mass.1970).

As previously indicated, defendant has repeated virtually the same contentions it made in *Continental Illinois.* These arguments were explicitly rejected in the majority's opinion and explicitly in the dissents. Nothing new has been presented. Therefore, in the language of that case, we conclude that "contributions and gifts to foreign cities for exclusively charitable purposes are deductible."

Plaintiff is entitled to recover $131,-338.63, plus statutory interest thereon, and judgment is hereby entered to that effect.