535 A.2d 255

In Re: Estate of Steve Manolakos, Deceased. Commonwealth of Pennsylvania, Department of Revenue, Appellant.

Argued October 6, 1987, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Arthur F. McNulty,* Assistant Counsel, for appellant.

*George C. Diamantopulos,* for appellee.

OPINION BY JUDGE CRAIG, December 23, 1987:

The Department of Revenue appeals from a decision of an en banc panel of the Court of Common Pleas of Allegheny County reversing a decision of the Department of Revenue's Board of Appeals, and allowing an inheritance tax exemption under 72 Pa. C. S. §1711(c)(1) for the decedent's residual trust.

This appeal presents a question of first impression. Does a residual trust established for the use and benefit of the people of municipalities in a foreign country, to improve their public schools, qualify for the exemptions from inheritance taxes, contained in 72 Pa. C. S. §1711?

The facts are not in dispute. Mr. Manolakos died on April 28, 1984 and his will contained the following provisions:

B. 1. Following the death of the aforementioned individuals, the then remaining principal of the Trust Estate, shall be held in a charitable trust for the use and benefits of the people of the communities of Thafnion, Sparta, Greece and Lefkohoma, Sparta, Greece, and my Trustee shall pay to or for the benefit of each of the aforementioned communities so much of the net income from the Trust Estate, together with so much of the principal thereof, as my Trustee, in its sole discretion shall deem advisable; . . . . Any income not so distributed will be capitalized.

2. While it is my general purpose to provide funds for the improvement of each of these communities, it is my desire that the funds be used primarily for the improvement of the pub-

lic schools of each community. The specific charitable purposes for which funds shall be applied for the use and benefit of Thafnion shall be be determined by a Managing Committee of that community composed of my nephew, George N. Fousketakis, all local teachers, and the Governor of Sparta, and the Burgess of Thafnion; and the specific purpose for which funds shall be applied for the use and benefit of Lefkohoma shall be determined by a Managing Committee of that community, composed of my nephew, George N. Fousketakis, all local teachers, the Governor of Sparta, and the Burgess of Lefkohoma.

In the event there should be a disagreement among the members of either of the above Committees, the opinion of my nephew George N. Fousketakis, shall prevail.

3.    This trust shall continue in perpetuity or until such time as my Trustee, in its sole discretion but after consultation with the Managing Committees of the communities, deems it advisable to terminate the trust, at which time the then remaining principal, together with any income accumulated thereon be distributed equally between the communities of Thafnion and Lefkohoma, in Sparta, Greece.

The estate filed an inheritance tax return with the Allegheny County Register of Wills and claimed a deduction of $173,158.35 for the residual trust.

The Department of Revenue issued an appraisement and assessment denying the deduction. The estate filed a timely protest and the Department of Revenue issued an order and opinion affirming its previous determination. The department found the residual trust did not qualify for the exemptions to inheritance taxes contained in 72 Pa. C. S. §§1711(b), 1711(c)(2).

The Estate filed a Petition for Citation Sur Appeal of Determination of the Department of Revenue in the Court of Common Pleas of Allegheny County. Judge NATHAN SCHWARTZ scheduled a hearing for August 27, 1986 and despite being given notice of the hearing, the Department of Revenue failed to appear. The hearing proceeded ex parte and on August 29, 1987 Judge SCHWARTZ entered an order reversing the determination of the Department of Revenue.

The Department of Revenue filed timely exceptions to the order of Judge SCHWARTZ. After argument, an en banc panel of the Court of Common Pleas of Allegheny County affirmed the decision of the trial court and, in so doing, adopted the trial court's conclusion that the residual trust qualified for the inheritance tax exemption contained in 72 Pa. C. S. §1711(c)(1).[1]

Because we conclude, pursuant to an analysis different from that of the trial court, that the residual trust for the benefit of the people of the two communities in Greece for the improvement of their public schools is entitled to the charitable exemption from inheritance taxes, we affirm.

The legislature provided the following exemptions from state inheritance taxes:

(a) **General rule.**—The transfers enumerated in this section are not subject to the tax imposed by this chapter.

(b) **Governments.**—Transfers of property to or for the use of any of the following are exempt from inheritance tax:

(1) The United States of America

---

[1] The trial court also held that because the department failed to appear at the August 27, 1986, hearing before Judge SCHWARTZ, the department's position and appeal rights were waived. This court need not reach that claim in view of our decision to affirm on the merits.

(2) The Commonwealth of Pennsylvania

(3) A political subdivision of the Commonwealth of Pennsylvania.

(c) **Charitable and fraternal organizations.**— Transfers of property to or for the use of any of the following are exempt from inheritance tax:

(1) Any corporation, unincorporated association or society organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, . . . .

(2) Any trustee or trustees . . . but only if the property transferred is to be used by the trustee or trustees . . . exclusively for religious, charitable, scientific, literary or educational purposes. . . .

72 Pa. C. S. §1711.

The trial court interpreted the decedent's will as transferring the residuary trust estate for the use of the managing committees established in the will. The court also determined that the managing committees were unincorporated associations and that the improvement of the public schools constituted an educational and charitable purpose. Based on those determinations, the court applied 72 Pa. C. S. §1711(c)(1) and ruled that the residual trust was exempt from inheritance tax.

A plain reading of the will does not support the trial court's characterizing of the residual trust as a transfer for the use of the managing committees. The will states:

the then remaining principal of the Trust Estate shall be held for the *use and benefit of the people of the communities of Thafnion, Sparta, Greece,* and my Trustee shall pay to or for *the benefit of each of the aforenamed communities* so much of the net income of the trust estate . . . as my Trustee, in its sole discretion, may deem advisable. . . . [T]he specific charitable

purposes for which the funds shall be applied *for the use and benefit of Thafnion* shall be determined by a Managing Committee. (Emphasis supplied).

This language embodies the decedent's intent to transfer to a trustee for the use and benefit of the *people* of the Greek communities and to have the managing committees serve solely in an advisory role.

Because the "people" of the two Greek communities do not constitute a corporation, unincorporated association or a society organized exclusively for charitable purposes, the residual trust cannot be exempt from inheritance taxes on the basis of 72 Pa. C. S. §1711(c)(1).

The question remains whether the residual trust created for the use and benefit of the people of the two Greek communities for the improvement of their public school system is entitled to exemption under 72 Pa. C. S. §1711(c)(2). In view of the absence of Pennsylvania authority dealing with this question, we examine the interpretation of a similar federal statute, 26 U.S.C. §2055, which reads as follows:

**Transfers for public, charitable, and religious uses**

(a) **In general.**—For the purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devices, or transfers—

(1) to or for the use of the United States, any State, any subdivision thereof, or the District of Columbia, for exclusively public purposes; . . .

(3) to a trustee or trustees . . . but only if such contributions or gifts are to be used by such trustee or trustees . . . exclusively for religious, charitable, scientific, literary, or educational purposes. . . .

Two views have developed in the federal courts regarding the application of section 2055(a) to bequests made to or for the use of foreign governments for charitable purposes.

The minority view is that of the Tenth Circuit Court of Appeals in *Edwards v. Phillips*, 373 F.2d 616 (10th Cir. 1967), *cert. denied*, 389 U.S. 834 (1967). In *Edwards* the decedent left his entire estate to a school district in Denmark for the "betterment of the schools" and to aid the students. The court began its analysis by concluding that, although foreign corporations and trustees are eligible for an exemption under section 2055, the school district constituted a political subdivision of Denmark and thus the bequest had to be examined within the confines of section 2055(a)(1). The *Edwards* court held that, because section 2055(a)(1) listed the types of governmental entities that were entitled to an exemption and did not include foreign governmental entities, the doctrine of *inclusio unius est exclusio alterius* precluded an exemption for the bequest to the school district in Denmark.

The majority rule, as established in subsequent federal cases and an I.R.S. revenue ruling, rejected the *Edwards* court's use of the doctrine of *inclusio unius est exclusio alterius* to preclude exemptions for bequests to foreign governmental entities which are for specifically stated charitable purposes.

The Court of Claims first cast doubt upon the viability of *Edwards* in *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. United States*, 403 F.2d 721, 185 Ct. Cl. 642 (1968), *cert. denied*, 394 U.S. 973 (1969). In *Continental*, the decedent bequeathed the residue of his estate to the mayor and city council of Fuerth, Bayern, Germany to be used and expended for the benefit of the city. The Court of Claims rejected the rationale of the *Edwards* court and reasoned that a bequest

made to a foreign government for purely charitable purposes could be exempt under section 2055(a)(3). The *Continental* court found, however, that because the bequest to the city of Fuerth could be applied to purposes other than purely charitable ones, it could not be exempt from inheritance taxes under section 2055(a)(3).

The Second Circuit adopted the rationale of *Continental* in *Kaplun v. United States*, 436 F.2d 799 (2d Cir. 1971) and held that "[U]pon a showing that there is a bequest to any qualified trustee for a charitable purpose, subsection (a)(3) will apply to the deduction. Only when an outright gift is bequeathed directly to a foreign government for a recognized general public purpose will the deduction be disallowed under subsection (a)(1)." *See, Old Colony Trust Company v. United States*, 438 F.2d 684 (1st Cir. 1971).

Notably, the I.R.S. has issued Revenue Ruling 74-523 which stated that it would follow the holdings in *Kaplun* and *Old Colony Trust* and allow a deduction "under section 2055 of the Code with respect to a transfer of property to a foreign government or political subdivision thereof for exclusively charitable purposes."

Because we find the rationale of the majority view to be more compelling, and particularly because the trust here is expressly stated to be for the use and benefit of *the people* rather than the local governments, we conclude that under 72 Pa. C. S. §1711(c)(2) this transfer can be exempt from inheritance taxes, provided that the purpose can be said to be within the statutes listing of exempt purposes.

Hence, the single remaining issue is whether this residual trust involves a transfer of property "exclusively for religious, charitable, scientific, literary or educational purposes.

The will states "[W]hile it is my general purpose to provide funds for the improvement of each of these

communities, it is my desire that the funds be used primarily for the improvement of the public schools of each community." The department argues that this language does not mandate the trustee to spend the funds exclusively for the improvement of the public schools. Although words such as "wish" and "desire" are not normally considered mandatory, the Supreme court has held that where the word "desire" is used obviously to express the intent of the testator, the word is mandatory. *In re Bearinger's Estate,* 336 Pa. 253, 9 A.2d 342 (1939).

We regard the decedent's use of the word "desire" as expressing his intent that the residual trust be expended for the improvement of the public schools of Thafnion and Lefkohoma Greece, and, as such, the term is mandatory upon the trustee. Therefore, we conclude that the residual trust was established for exclusively an educational purpose and qualifies for the exemption from inheritance taxes delineated in 72 Pa. C. S. §1711(c)(2).

Accordingly we affirm the determination of the en banc panel of the Court of Common Pleas of Allegheny County.

## ORDER

NOW, December 23, 1987, the order of the Court of Common Pleas of Allegheny County at No. 3144 of 1984, dated October 29, 1986 is affirmed.

---

DISSENTING OPINION BY JUDGE DOYLE:

I would agree, as the majority points out, that after the threshold issues are met and disposed of, the quintessential remaining question is whether the property transferred to the trustees is to be used *"exclusively* for religious, charitable, scientific, literary or educational purposes." (Emphasis added.) I must conclude, howev-

er, contrary to the majority, that the funds we are considering here would not be used *exclusively* for those purposes, since, by the very terms of the testator's will, the trust funds were only to be "used *primarily* for the improvement of the public schools" while it was the testators' "*general* purpose to provide funds for the improvement of each of [the Greek] communities." (Emphasis added.) There can be no doubt therefore that *some* of the trust funds would be used for purposes other than education.

While street repair and other municipal functions are essential, funds used for general governmental purposes are not "charitable" nor "educational." *See, e.g., Metropolitan Pittsburgh Nonprofit Housing Corp. v. Board of Property Assessment, Appeals and Review*, 28 Pa. Commonwealth Ct. 356, 368 A.2d 837 (1977), *affirmed*, 480 Pa. 622, 391 A.2d 1059 (1978).